IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE HUNSINGER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:21-CV-1598-D |
| | § | |
| ALPHA CASH BUYERS, LLC, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

*Pro se* plaintiff Joe Hunsinger ("Hunsinger") sues defendant Alpha Cash Buyers, LLC ("Alpha Cash"), alleging, *inter alia*, violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Alpha Cash moves to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted.[1] Hunsinger opposes the motion and, in the alternative, requests leave to amend. For the reasons that follow the court construes Alpha Cash's motion as a motion for partial dismissal and grants that motion, but it also grants Hunsinger leave to amend.

I

This case arises out of eight unsolicited telephone calls and two Short Message

---

[1] Alpha Cash also moves to stay discovery pending a ruling on its motion to dismiss. Because the court in this memorandum opinion and order has ruled on the motion to dismiss, Alpha Cash's motion to stay is denied without prejudice as moot.

Service ("SMS")[2] text messages that Hunsinger received on his cellular telephone in June and July of 2021. These telephone calls and text messages all originated from a ten-digit telephone number, or an SMS "long code,"[3] ending in 7938.

On June 28, 2021 Hunsinger received and answered one of these unsolicited telephone calls. The agent on the telephone did not identify himself other than as "Albert," and did not disclose the company on whose behalf he was calling. To identify the caller, Hunsinger provided his email address to Albert. And based on the subsequent email he received, Hunsinger was able to determine that Alpha Cash was responsible for the telephone calls and text messages.

Following these calls, Hunsinger received on July 3, 2021 two identical text messages that read: "Hey Joseph, Albert here. Just checking in to see if you had any questions on the agreement. Thnx." P. Compl. at 25. Hunsinger alleges that the two text messages were sent using an Automatic Telephone Dialing System ("ATDS").

Hunsinger filed this action on July 9, 2021, alleging, *inter alia*, violations of 47 U.S.C. § 227(b)(1)(A)(iii) for using an ATDS to send text messages to his telephone without consent; violations of 47 C.F.R. § 64.1200(c) and 47 U.S.C. § 227(c)(5) for making more

---

[2] SMS messages are standard text messages on cellular devices. *See Jovanovic v. SRP Invs. LLC*, 2021 WL 4198163, at *3 n.1 (D. Ariz. Sept. 15, 2021).

[3] "SMS long codes are standard ten-digit telephone numbers including an area code, used by individual and business subscribers alike." *Id.* Text messages can also be sent from "SMS short-code[s]," which are "four to six digit telephone number[s] used only for texting, and most frequently for commercial marketing purposes." *Id.*

than one telephone solicitation to a person on the National Do-Not-Call Registry in a 12-month period; violations of Tex. Bus. & Com. Code Ann. § 305.053, which provides a private right of action for violations of the TCPA; and a violation of the common law right to privacy based on unreasonable intrusion on seclusion.[4]

Alpha Cash moves to dismiss Hunsinger's complaint pursuant to Rule 12(b)(6). Although Alpha Cash styles its motion as a motion to dismiss, it is in fact a partial motion to dismiss, because the motion only addresses Hunsinger's claim under 47 U.S.C. § 227(b).[5] The court is deciding this motion on the briefs, without oral argument.

II

In deciding Alpha Cash's Rule 12(b)(6) motion, the court evaluates the sufficiency of Hunsinger's complaint by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191,

---

[4]Hunsinger's complaint is somewhat difficult to understand because some counts relate to the damages he is seeking rather than allege separate violations of the TCPA. For example, count 3 attempts to plead that Alpha Cash "violat[ed] USC Section 227(b)(3)(C)," but § 227(b)(3)(C) provides a remedy of treble damages for a willful violation of the TCPA, not a separate cause of action. P. Compl. at ¶ 13.02.

[5]Alpha Cash maintains that Hunsinger cannot state a claim under § 64.1200 without alleging that Alpha Cash used an ATDS. But Hunsinger appears to allege only that Alpha Cash violated § 64.1200(c), which prohibits, *inter alia*, telephone solicitations to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2). Because a plaintiff need not plead the use of an ATDS to state a claim under § 64.1200(c)(2) and Alpha Cash's sole argument is that Hunsinger failed to state a claim because he did not plead sufficient facts to enable the court to reasonably infer that an ATDS was used, the court need not consider whether Hunsinger has successfully pleaded a claim under § 64.1200(c)(2).

205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).  To survive a motion to dismiss, Hunsinger must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.  But because Hunsinger is proceeding *pro se*, the court construes the allegations of the complaint liberally.  *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980) (per curiam); *SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam).

### III

#### A

Alpha Cash contends that Hunsinger has failed to plausibly plead a violation of § 227(b)(1)(A)(iii) because the allegations of his complaint do not allow the court to

reasonably infer that the text messages were sent to him using an ATDS.[6] Hunsinger responds that he has pleaded sufficient facts for the court to reasonably infer that an ATDS was used, and that Alpha Cash's arguments are more appropriately considered on motion for summary judgment. The question presented by Alpha Cash's motion to dismiss is whether Hunsinger has pleaded sufficient facts for the court to draw the reasonable inference that Alpha Cash used an ATDS to send the two text messages to Hunsinger.

B

Section 227(b) of the TCPA makes it unlawful for any person to "make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii). A violation of § 227(b)(1)(A)(iii) occurs if: "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system [or an artificial or prerecorded voice]; (3) without the recipient's prior express consent." *Cunningham v. Nationwide Sec. Sols., Inc.*, 2017 WL 10486988, at *2 (N.D. Tex. Nov. 2, 2017) (Lynn, C.J.) (alteration in original) (quoting *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012)). "A text message to a cellular telephone, it is

---

[6]Alpha Cash also posits that Hunsinger has failed to plead sufficient facts to enable the court to draw the reasonable inference that the telephone calls were made using an ATDS. But Hunsinger alleges that the *text messages*—not the *telephone calls*—violated § 227(b)(1)(A)(iii). The court therefore addresses only whether Hunsinger has pleaded a violation of § 227(b)(1)(A)(iii) based on the text messages.

undisputed, qualifies as a 'call' within the compass of § 227(b)(1)(A)(iii)." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016).

The TCPA defines an ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). Earlier this year, the Supreme Court resolved a circuit split "regarding whether an autodialer must have the capacity to generate random or sequential phone numbers," or whether an ATDS "need only have the capacity to store numbers to be called and to dial such numbers automatically." *Facebook, Inc. v. Duguid*, ___ U.S. ___, 141 S. Ct. 1163, 1168 (2021) (internal quotations omitted). The Court held that, "[t]o qualify as an 'automatic telephone dialing system,' a device must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator." *Id.* at 1167. Thus to establish a claim under § 227(b), "the equipment in question must use a random or sequential number generator," not merely auto-dial stored numbers. *Id.* at 1170.

Chief Judge Lynn has held that "[s]imply alleging the use of an ATDS, without more, is insufficient to sustain a TCPA claim." *Cunningham*, 2017 WL 10486988, at *3. She has also observed that "courts have noted the difficulty a plaintiff faces in knowing the type of calling system used without the benefit of discovery . . . ." *Id.* (quoting *Hickey v. Voxernet LLC*, 887 F.Supp.2d 1125, 1129-30 (W.D. Wash. 2012)). In light of this difficulty, courts have allowed plaintiffs to "rely on indirect allegations, such as the content of the message, the context in which it was received, and the existence of similar messages to raise an

- 6 -

inference that an ATDS was used." *Jones v. FMA All. Ltd.*, 978 F.Supp.2d 84, 87 (D. Mass. 2013) (quoting *Gragg v. Orange Cab Co.*, 942 F.Supp.2d 1111, 1114 (W.D. Wash. 2013)); *see Schley v. One Planet Ops Inc.*, 445 F.Supp.3d 454, 459-60 (N.D. Cal. 2020) (explaining factors that support an inference of ATDS use, such as: generic messages, identical messages sent to multiple parties at the same time, and the use of an SMS short code to send the message).

C

Hunsinger does not allege that Alpha Cash's system uses a random or sequential number generator. He asserts that "[t]he systems utilized by Defendant [to send the text messages] have the capacity [to] store telephone numbers and to dial such number[s] from a list." P. Compl. at ¶ 3.27. And he pleads that the "texts that Defendant placed to him were made using an automatic telephone dialing system." P. Compl. at ¶ 6.10. The complaint fails to plead, however, that Alpha Cash sent the text messages using an ATDS, as defined in the TCPA. This is so because Hunsinger does not allege that Alpha Cash's system used a random or sequential number generator. *See McEwen v. Nat'l Rifle Ass'n of Am.*, 2021 WL 1414273, at *7 (D. Me. Apr. 14, 2021) ("After the *Duguid* opinion, the ATDS portion of the claim requires an allegation that [defendant] used a random or sequential number generator to place a call to Plaintiff's cellphone, not merely a claim that its dialing system has that capability."); *see also Gross v. GG Home, Inc.*, 2021 WL 4804464, at *3 (S.D. Cal. Oct. 14, 2021) (collecting cases).

And even if the court assumes, without deciding, that the lack of detailed pleading

- 7 -

about the type of calling system used might not of itself warrant dismissal of Hunsinger's claim under § 227(b)(1)(A)(iii), the indirect allegations in Hunsinger's complaint likewise fail to support a reasonable inference that Alpha Cash used an ATDS to send the text messages. The complaint alleges that "[t]he impersonal and generic nature of Defendant[']s text message(s), demonstrate that Defendant utilized an ATDS in transmitting the message." P. Compl. at ¶ 3.22. But the copies of the text messages that Hunsinger attaches to his complaint only permit the court to draw the reasonable inference that the messages are neither impersonal nor generic. The messages were sent directly to Hunsinger, and they address him by his first name. The direct and personal nature of the text messages weighs against a reasonable inference that Alpha Cash used an ATDS to send the messages. *See Suttles v. Facebook, Inc.*, 461 F.Supp.3d 479, 487 (W.D. Tex. 2020) ("Allegations of directly targeting specific individuals weigh against an inference that an ATDS was used.").

The context in which the text messages were received also cuts against a reasonable inference that they were sent using an ATDS. According to the complaint, the text messages were sent after Hunsinger had spoken with an Alpha Cash agent several times by telephone. And the contents of the text messages suggest that they were sent with the purpose of following-up on those prior telephonic interactions. Although not dispositive, a "pre-existing relationship" between Hunsinger and Alpha Cash, or the fact that Alpha Cash had a "specific reason to contact [Hunsinger]," suggests that an ATDS was not used to send the text messages. *Schley*, 445 F.Supp.3d at 460.

Finally, the fact that the text messages were sent from an SMS long code telephone

- 8 -

number does not support a reasonable inference that an ATDS was used. Hunsinger's complaint contains contradictory allegations concerning whether Alpha Cash used a short code or a long code telephone number to send the text messages. *Compare* P. Compl. ¶ 3.24, *with* P. Compl. ¶ 3.25. But the copies of the text messages attached to the complaint indicate that they were sent using an SMS long code. "The use of a short code [as opposed to a long code] suggests the use of an ATDS." *Schley*, 445 F.Supp.3d at 460. Although the use of a long code "does not preclude the use of an ATDS," it does not support an inference that an ATDS was used. *Id.*; *Matthews v. Mid City Cannabis Club, Inc.*, 2020 WL 7978499, at *4 (C.D. Cal. Nov. 6, 2020) ("Plaintiff's allegations that Defendant used a 'long code' number does not suggest an ATDS was used.").

After weighing all of these factors, the court concludes that Hunsinger has failed to plead facts that enable the court to reasonably infer that an ATDS was used to send the text messages he received, and it dismisses his claim under § 227(b)(1)(A)(iii) for failure to state a claim on which relief can be granted.

IV

The court grants Hunsinger's alternative motion for leave to amend. It is the practice of this court to afford litigants "at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable." *See In re Am. Airlines, Inc., Priv. Litig.*, 370 F.Supp.2d 552, 568 (N.D. Tex. 2005) (Fitzwater, J.) (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). Furthermore, in granting leave to replead, the court takes into consideration that Hunsinger

is proceeding *pro se*. *See, e.g., Smallwood v. Bank of Am.*, 2012 WL 32654, at *5 (N.D. Tex. Jan. 6, 2012) (Fitzwater, C.J.) (granting leave to file third amended complaint because plaintiffs were appearing *pro se*).

\* \* \*

In sum, for the reasons explained, the court grants Alpha Cash's partial motion to dismiss and denies without prejudice as moot Alpha Cash's motion to stay discovery. The court grants Hunsinger 28 days from the date this memorandum opinion and order is filed to file an amended complaint.

**SO ORDERED**.

October 29, 2021.

_____  
SIDNEY A. FITZWATER  
SENIOR JUDGE