IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE HUNSINGER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:21-CV-1598-D |
| | § | |
| ALPHA CASH BUYERS, LLC, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this action alleging, *inter alia*, violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *pro se* plaintiff Joe Hunsinger ("Hunsinger") moves to compel defendant Alpha Cash Buyers, LLC ("Alpha Cash") to answer an interrogatory and to produce documents in response to his request for production ("RFP"). Alpha Cash has not responded to the motion. For the reasons that follow, the court denies Hunsinger's second motion to compel discovery without prejudice and orders Alpha Cash to file more specific objections within 14 days of the date this memorandum opinion and order is filed.[*]

I

This motion to compel relates to one interrogatory and one RFP. In Interrogatory No. 1 of Hunsinger's second set of interrogatories, he requests that Alpha Cash "[l]ist all

---

[*] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this motion, and not for publication in an official reporter, and should be understood accordingly.

contracts you have sent out or have executed, even if you did not close on them." P. Mot. to Compel (ECF No. 28) Ex. B, at 3. In RFP No. 1 of Hunsinger's second RFPs, he requests that Alpha Cash "[p]roduce copies of all contracts and agreements you have ever had or made with each person, company, website or third-party identified or listed by you in answer to the foregoing interrogatories." *Id.* Ex. C, at 6. When Alpha Cash objected to these requests, Hunsinger moved to compel Alpha Cash to respond and to produce the requested documents. Alpha Cash has not responded to Hunsinger's motion to compel.

II

Under Fed. R. Civ. P. 26(b)(1), "[u]nless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." And, under Rule 37(a)(3)(B), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" when the party from whom discovery is sought fails to produce requested documents or respond to an interrogatory or request for admission.

As the party opposing Hunsinger's motion to compel, Alpha Cash bears the burden of proof. In the Fifth Circuit, "a party who opposes its opponent's request for production [must] 'show specifically how . . . each [request] is not relevant . . . .'" *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005) (Lynn, J.) (second alteration in original) (quoting *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)); *see also Orchestratehr, Inc. v. Trombetta*, 178 F.Supp.3d 476, 506 (N.D. Tex. 2016) (Horan, J.) ("[T]he amendments to Rule 26(b) and Rule 26(c)(1) do not alter the basic

allocation of the burden on the party resisting discovery to—in order to successfully resist a motion to compel—specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope of relevance (as now amended) or that a discovery request would impose an undue burden or expense or is otherwise objectionable." (citations omitted)).

Alpha Cash has not met its burden to specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope. This is so because Alpha Cash's only objections are improper boilerplate objections that are unsustainable. *See Nguyen v. Quality Sausage Co.*, 2020 WL 2425646, at *2 (N.D. Tex. May 12, 2020) (Pittman, J.) ("Defendant's general, blanket, boilerplate, and unsupported objections to discovery requests are prohibited by the rules."); *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 581 (N.D. Tex. 2018) (Horan, J.) ("Serving unsupported and boilerplate or stock objections does not preserve or accomplish anything other than waiver and subjecting the responding party to sanctions . . . ."). Additionally, Alpha Cash has failed to respond to Hunsinger's motion to compel. *See Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 284 (N.D. Tex. 2017) (Horan, J.) ("A party who has objected to a discovery request then must, in response to a Rule 37(a) motion to compel, urge and argue in support of its objection to an interrogatory or request, and, if it does not, it waives the objection.").

Nevertheless, this court is obligated to limit discovery "if it determines that . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Rule 26(b)(2)(C)(iii); *see also Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011) ("[A]

district court must limit otherwise permissible discovery if it determines that 'the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.'" (quoting Rule 26(b)(2)(C)(iii))). Because Hunsinger's discovery requests, on their face, appear to substantially exceed the scope allowed by Rule 26(b)(1), the court declines to grant his motion to compel; instead, the court will order Alpha Cash to file more specific objections within 14 days of the date this memorandum opinion and order is filed. It will deny Hunsinger's motion to compel without prejudice to his moving for this relief if he has grounds to do so after Alpha Cash files the required objections.

\* \* \*

For the reasons explained, the court denies without prejudice Hunsinger's February 11, 2022 second motion to compel discovery motion to compel and orders Alpha Cash to file more specific objections within 14 days of the date this memorandum opinion and order is filed.

**SO ORDERED**.

April 15, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE